UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Justin Allen Winter, | Civ. No. 25-3361 (PAM/DLM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Blue Earth County; Blue Earth County Sheriff's Department; Dillon Brashear, Deputy – Badge No. BEC2735B; Christopher Kelly, Assistant Blue Earth County Attorney; and the State of Minnesota; | |
| Defendants. | |

Plaintiff Justin Allen Winter was pulled over by Defendant Dillon Brashear, an officer of the Blue Earth County Sheriff's Office, early in the morning of April 24, 2025, while driving his motor vehicle in southern Minnesota. Brashear stopped Winter again on April 26, 2025. On both occasions, Brashear issued a citation to Winter for driving outside the conditions of his driver's license. See State of Minnesota v. Winter, No. 07-VB-25-1846 (Minn. Dist. Ct.); State of Minnesota v. Winter, No. 07-VB-25-1847 (Minn. Dist. Ct.). A few weeks later, Winter was arrested in Blue Earth County on multiple charges, including making of threats of violence—a change to which Winter later was convicted. See State of Minnesota v. Winter, No. 07-CR-25-1855 (Minn. Dist. Ct.). Winter was taken into custody following the arrest and spent at least some time in custody thereafter, although neither the Complaint nor the record available to the Court makes clear exactly

1

how long Winter remained in custody. In any event, Winter alleges that his being in custody prevented him from having an adequate opportunity to offer a defense to the traffic citations, and convictions were entered on both citations in state court. As a result of those convictions, Winter's driving privileges have been further reduced, a consequence that Winter contends has caused him great hardship.

Winter brings this action asserting two groups of claims. First, Winter alleges that the traffic citations are unlawful due to defects in the state-court process through which those convictions became final. Second, Winter alleges that Brashear acted unlawfully during the arrests. As a remedy, Winter demands that the citations be voided, that he awarded $3 million in compensatory and punitive damages, and that his driving privileges be restored—and because Winter would like his driving privileges to be restored immediately, he has filed a Motion for a Preliminary Injunction. (See Docket No. 3.)

Winter did not pay the filing fee for this matter, instead applying for in forma pauperis ("IFP") status. (See Docket No. 2.) After review of the IFP application, the Court concludes that Winter qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to

"raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the Court may disregard legal conclusions that are couched as factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

As explained above, Winter's claims can be grouped into two categories. In the first category of claims, Winter seeks to attack the legality of his petty-misdemeanor convictions on driving offenses—for example, he claims that the state-court proceedings did not comport with federal due process protections because of his inability to litigate while in custody. Whatever the merits of these claims, this lawsuit is not the appropriate procedural vehicle for Winter to attack the validity of his state-court convictions. See Heck v. Humphrey, 512 U.S. 477, 86-87 (1994); Dauven v. Oregon, 44 F. App'x 255, 256 (9th Cir. 2002) (per curiam) (noting that the Heck doctrine extends to claims that necessarily imply the invalidity of convictions arising from traffic citations). A litigant cannot bring claims in federal court outside of habeas corpus that necessarily imply the invalidity of a state-court conviction unless and until that conviction is otherwise invalidated. See Heck, 512 U.S at 486-87; Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) (noting that Heck extends beyond claims for monetary relief alone).

3

Heck precludes Winter from litigating most of the claims pleaded in the Complaint, which relate largely to the legality of the state-court proceedings. But Winter also brings a second category of claims relating to the legality of Brashear's conduct during the traffic stops at issue. These claims are not barred by Heck, because the claims do not necessarily imply the invalidity of Winter's convictions in state court—it can both be true that Winter was lawfully convicted and that the traffic stop was carried out in an unlawful manner. Winter's claims regarding Brashear's conduct at the traffic stops suffer from a more fundamental problem: Winter simply has not pleaded non-conclusory allegations that, if later proved true, would establish that Brashear acted wrongfully. Bare conclusory assertions that Brashear's conduct was "harassment" or that Brashear engaged "in a pattern of retaliatory conduct," (Compl. at 2 (Docket No. 1)), are not sufficient to state a claim on which relief may be granted.

Accordingly, this matter is dismissed without prejudice in its entirety pursuant to § 1915(e)(2)(B). Because Winter has not established any likelihood of success on the merits of his claims, his Motion for a Preliminary Injunction is denied. See Newton Cnty. Wildlife Ass'n v. U.S. Forest Serv., 113 F.3d 110, 113 (8th Cir. 1997).

Accordingly, **IT IS HEREBY ORDERED that:**

1. This matter is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B);

2. The application to proceed in forma pauperis of Plaintiff Justin Allen Winter (Docket No. 2) is **DENIED**; and

3. Winter's Motion for a Preliminary Injunction (Docket No. 3) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 28, 2025

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge